AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. **23mr483**
 )
Rumaldo Peshlakai )
YOB 1981 )
 )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 §922(g)(1) | Possession of a Firearm and/or Ammunition |

The application is based on these facts:
See attached affidavit that was approved by AUSA Alexander Flores

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

CURTIS IMMING / SA
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___Telephonically sworn and electronically signed___ *(specify reliable electronic means)*.

Date: 3/2/2023

_____
Judge signature

City and state: Farmington, New Mexico      B. Paul Briones, US Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A<br><br>RUMALDO PESHLAKAI<br><br>YOB 1981 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Curtis Imming, a Special Agent with the Federal Bureau of Investigation, being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the FBI and have been so employed since July 2014. I am currently assigned to the Albuquerque Field Office, Gallup Resident Agency. My primary duties as a Special Agent with the FBI include investigating federal crimes occurring within our jurisdiction, violent crimes, assaults, homicide, and crimes occurring within the Federally recognized Indian territories. I have gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state, and federal law enforcement agencies. As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute criminal complaints and search warrants issued under the authority of the United States.

2. As a result of my training and experience, I am aware that when individuals handle firearms, their DNA is often left behind and detectable by lab technicians. Moreover, through my training and experience I am aware that human saliva, human tissue, and droplets of

human sweat contain DNA, which can be used to help identify an individual, and that DNA from human saliva, human tissue, or sweat droplets can potentially be recovered and used to help identify an individual, after the individual comes in contact with a surface or an object.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

4. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search RUMALDO PESHLAKAI (hereinafter referred to as the "PESHLAKAI") to collect deoxyribonucleic acid (DNA) samples from PESHLAKAI, wherever HE is found, by way of buccal swabs. I believe PESHLAKAI's DNA may be present on three firearms located and seized during an extensive search of the Navajo Nation wilderness occurring in September 2021, which is described in greater detail below.

5. As of this date, PESHLAKAI is currently in custody of the United States Marshals Service, in the District of New Mexico. Upon information and belief, PESHLAKAI is currently housed at the Cibola County Correctional Center, Milan, New Mexico.

6. A more detailed description and photograph of PESHLAKAI is contained within Attachment A, which has been attached hereto and incorporated herein for reference. Because this affidavit is submitted for the limited purpose of seeking a search warrant to collect DNA samples from PESHLAKAI, Affiant has set forth only the facts believed to be necessary to

establish probable cause to believe that violations of 18 U.S.C. §§ 922(g)(1) and 924, Felon in Possession of a Firearm and/or Ammunition were committed by PESHLAKAI. There is also probable cause to search PESHLAKAI for evidence as further described in Attachment B.

## RELEVANT STATUTES

7.  This investigation concerns alleged violations of certain activities relating a Felon in Possession of a Firearm and/or Ammunition committed by PESHLAKAI, as outlined in 18 U.S.C. §§ 922(g)(1) and 924. 18 U.S.C. § 922(g)(1) prohibits a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## SYNOPSIS AND PURPOSE OF THE AFFIDAVIT

8.  PESHLAKAI is a convicted felon, having been previously convicted of felonies both in federal and New Mexico state court. On September 23, 2021, following an early morning domestic-violence incident with his wife, PESHLAKAI kidnapped his four children and fled their home on the Navajo Nation, taking with him three firearms – a Glock 19 nine-millimeter semi-automatic pistol, a Phoenix Arms .25 ACP, and a Marlin .22 caliber rifle. PESHLAKAI abandoned those weapons while on the run. Federal agents recovered those weapons during the course of their investigation.

9.  Federal grand jurors previously found probable cause to believe that PESHLAKAI violated 18 U.S.C. § 922(g)(1). Because there is probable cause to believe PESHLAKAI possessed the three firearms relevant to this crime, there is also probable cause to believe that PESHLAKAI's DNA will be found on the firearms collected in this investigation.

Therefore, there is probable cause to collect a DNA sample from PESHLAKAI via buccal swab in order to compare it with samples collected from the lawfully seized firearms in this case.

## PROBABLE CAUSE

10. On September 23, 2021, the FBI was contacted by Navajo Police Department (NPD) Criminal Investigator (CI) Samantha Yazzie regarding the reported assault of C.P. (Hereinafter referred to as JANE DOE 1), Year of Birth (YOB) 1977, and kidnapping of T.P. (Hereinafter referred to as JANE DOE 2), YOB 2010, J.R. (hereinafter referred to as JOHN DOE 1), YOB 2013, C.P. (hereinafter referred to as JOHN DOE 2), YOB 2015, and R.P. (hereinafter referred to as JANE DOE 3), YOB 2019, by RUMALDO PESHLAKAI, YOB 1981. PESHLAKAI was JANE DOE 1's husband. JANE DOE 2, JOHN DOE 1, JOHN DOE 2, and JANE DOE 3 are PESHLAKAI's minor children (hereinafter referred to as "the children"). The incident took place around JANE DOE 1's residence, JANE DOE 1's mother's residence, and the surrounding area.

11. NPD report 01-21-029388, dated September 23, 2021, provided that in the early morning of September 23, 2021 NPD dispatch was called by a female, later identified as JANE DOE 1. JANE DOE 1 reported she was being hit by PESHLAKAI at her residence. JANE DOE 1 later reported PESHLAKAI took JANE DOE 1's maroon Chevrolet Tahoe next door to JANE DOE 1's mother's house where JANE DOE 2, JOHN DOE 1, and JOHN DOE 2 were staying. PESHLAKAI already had JANE DOE 3 because she stayed with PESHLAKAI and JANE DOE 1 that night. PESHLAKAI took all four children and left the area in the maroon Tahoe. An Amber Alert for the four children was sent out in New Mexico and Arizona.

12. Review of text messages received via emergency authorization revealed phone number (505) 879-4731, associated to PESHLAKAI, texting a phone number associated to JANE DOE 1. Text messages received by JANE DOE 1 from PESHLAKAI stated "You know what you can call the cops I don't care just remember I'm not going back to prison....." and "ou won't ever see any of us ever again. " Additional text messages from JANE DOE 1 to PESHLAKAI show her begging him to bring the children back home.

13. JANE DOE 1 later provided to NPD that PESHLAKAI called her from his cell phone and told her he saw law enforcement at the house and that he was still in the area.

14. NPD pursued PESHLAKAI who, while driving the maroon Chevrolet Tahoe, fled with the children into a wooded area south of the residence and parked the vehicle in a secluded location.

15. The FBI arrived on scene and, along with NPD, were not able to identify if PESHLAKAI and the children were still in the Tahoe. NPD utilized drones to attempt to identify if PESHLAKAI and the children were still in the vehicle or in the area. Due to the darkness of the tint, only the front driver and passenger compartments were visible by to the drone operator. There was no one occupying the front driver and passenger seats. The drone operator was able to identify footprints around the area of the vehicle.

16. Based off the above, the FBI and NPD Officers moved to secure the vehicle to identify if there were any occupants in the back seats and rear compartment of the Tahoe. The search of the vehicle was negative; however, NPD identified an empty box of 9-millimeter ammunition on the floor of the front driver compartment along with a single 9-millimeter round. There was also a white powdery substance in a clear baggie located in the center console area. NPD seized the ammunition and white powdery substance as it was in plain view. NPD

identified what appeared to be three to four sets of footprints, one large and multiple smaller sets that likely belonged to the children, walking away from the vehicle. After tracking the footprints for about 6 miles, the FBI and NPD Officers identified vehicle tracks leading up to an abandoned housing area where the footprints lead. It appeared a vehicle arrived and picked up PESHLAKAI and the children. At that time, the foot search was concluded, and a Command Post was set up at the NPD Window Rock Station.

17. In the evening of September 23, 2021, NPD Dispatch received a call from an individual identified as D.S. (Hereinafter referred to as WITNESS 3) YOB 1988. WITNES 3 had received information that the children were safe, but she refused to provide who gave her the information. Shortly after, PESHLAKAI contacted NPD Dispatch and spoke to the FBI.

18. PESHLAKAI stated the children were safe at his mother's house. PESHLAKAI's mother is G.P. (Hereinafter referred to as WITNESS 4), YOB 1949. PESHLAKAI was not at WITNESS 4's house at the time of the phone call and would not give his location or meet with FBI agents that evening. PESHLAKAI stated that he would turn himself in during the morning of September 24, 2021. The FBI, along with NPD Officers, located the children at WITNESS 4's house and they were rescued without incident.

19. On September 24, 2021, PESHLAKAI turned himself in. After being advised of his rights, and waiving said rights, PESHLAKAI agreed to be interviewed. He stated that JANE DOE 1 arrived home in the early hours of September 23, 2021 and brought alcohol home with her. PESHLAKAI and JANE DOE 1 stayed up and drank together. At 5:30 a.m., PESHLAKAI woke up JANE DOE 2, JOHN DOE 1, JOHN DOE 2, and JANE DOE 3 to get ready to go to school. Around the same time PESHLAKAI and JANE DOE 1 got into an argument. PESHLAKAI didn't want to hear it and he was trying to be calm. JANE DOE 1 grabbed him,

and he swung and "tagged her in the cheek." When he tried to step around her, she came at him and he head butted her and PESHLAKAI saw blood on JANE DOE 1. PESHLAKAI left in a maroon Chevrolet Tahoe taking the children with him. PESHLAKAI saw the police and was panicked and didn't want to go back to jail so he "went off roading." PESHLAKAI told the kids to stay in the vehicle, but they didn't want to, so they walked north and were picked up by an older male in a gray truck. PESHLAKAI and the children were then taken to WITNESS 4's house in Fort Defiance, Arizona by the older male in the gray truck.

20. PESHLAKAI didn't know where the guns were. There was a 9-millimeter round in the Tahoe and it was JANE DOE 1's vehicle. PESHLAKAI speculated that his fingerprints might be on the ammunition because he was moving it around the vehicle. The guns were not in the Tahoe. There was a box of ammunition in the vehicle and PESHLAKAI looked at it and "pulled it out."

21. PESHLAKAI further speculated that his handprints may be on the guns because he had to move the guns from inside the Tahoe. He had to grab the 9-millimeter and hand it to JANE DOE 1 a few months ago. If the gun was in the Tahoe it would be in the center console. PESHLAKAI shared that he was a felon and couldn't handle guns or ammunition, however, he did shoot them in the past.

22. The FBI interviewed JANE DOE 2 on September 28, 2021. JANE DOE 2 provided her mom and dad had guns and her dad kept her mom's pistol with him because her mom didn't like holding guns.

23. The FBI interviewed JOHN DOE 1 on September 28, 2021. JOHN DOE 1 provided that on the day of the incident PESHLAKAI had guns in his possession. He took them from the Tahoe when he parked it and, while walking with the children to where they were

eventually picked up, PESHLAKAI left the guns under a tree. JOHN DOE 1 didn't know how to get to the tree where the guns were. Additionally, one of the guns, a pistol, was JANE DOE 1's and the other rifle and pistol belonged to PESHLAKAI. JOHN DOE 1 went on to provide that PESHLAKAI sometimes kept the rifle and pistol in his truck.

24. The FBI interviewed JOHN DOE 2 on September 28, 2021. JOHN DOE 2 provided PESHLAKAI went shooting with his and JANE DOE 1's handguns. JANE DOE 1 had a tiny pistol and PESHLAKAI had a big one and a "sniper," however, PESHLAKAI stole JANE DOE 1's pistol. PESHLAKAI had 3 guns and his "sniper" when they went on the walk. JOHN DOE 2 also stated that PESHLAKAI left the guns by the tree during their walk from the Tahoe.

25. Based off the information provided by JANE DOE 2, JOHN DOE 1, and JOHN DOE 2, on September 29, 2021, the FBI, NPD, Alcohol, Tobacco, and Firearms (ATF) Bureau, and the US Marshal's Service (USMS), recovered 3 weapons: 2 handguns and a rifle. The weapons were recovered under a tree in the vicinity of grid coordinates N 35 33.657, W 108 55.960. The weapons were a Glock 19 9mm; a Phoenix Arms .25 ACP; and a Marlin .22 caliber rifle. The location where the weapons were found was along the same path where PESHLAKAI was tracked walking on the day of the incident.

26. On February 8, 2023, the FBI requested FBI Laboratory conduct analysis of the weapons for fingerprints, DNA, and function. The purpose of the DNA testing was to enter any DNA collected from the guns into CODIS to gain any match to PESHLAKAI. On February 17, 2023, FBI Gallup received a response from the FBI Laboratory providing any DNA samples collected from the guns would not be eligible for CODIS because they are not associated with a charged crime other than felon in possession. Just the crime of felon in possession does not allow a search of CODIS for matching DNA profiles. To satisfy matching any DNA collected from the

guns, the FBI Laboratory's DNA Casework Unit requires a known reference sample for the suspect, PESHLAKAI. Approval of this warrant to collect buccal swabs from PESHLAKAI would satisfy the FBI Laboratory's requirement and allow any DNA samples collected from the guns to be analyzed with the known sample from PESHLAKAI.

27. Review of documents from the US District Court for the District of Arizona revealed that in 2002 PESHLAKAI was found guilty of 18 U.S.C. §§ 1153 and 113(a)(6), Crime on an Indian Reservation, Assault Resulting in Serious Bodily Injury, which is a Class C Felony Offense. Additionally, in 2006, PESHLAKAI was found guilty of 18 U.S.C §§ 922(g)(1), Felon in Possession of a Firearm, a Class C Felony Offense. PESHLAKAI was moreover convicted of the felony offense of Criminal Damage to Property Over $1,000.00 in the State of New Mexico on or about March 31, 2014, case number D-1113-CR-2013-291. Based on his prior felony conviction(s), PESHLAKAI is prohibited from handling firearms or ammunition.

## CONCLUSION

28. Based upon the information contained herein, your Affiant believes that there is probable cause to search PESHLAKAI, described in Attachment A, for the items described in Attachment B, which are evidence, fruits, and/or instrumentalities of, or property, used in violations of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and/or Ammunition. It is further believed that obtaining the DNA from PESHLAKAI will help in identifying whether PESHLAKAI possessed the three firearms collected during the course of this investigation – the Glock 19 nine-millimeter semi-automatic pistol, a Phoenix Arms .25 ACP, and a Marlin .22 caliber rifle. The buccal-swab samples from PESHLAKAI will be obtained pursuant to approved medical procedures, without unnecessary discomfort to PESHLAKAI, in private, and under circumstances where he will feel little or no pain or embarrassment.

29. Assistant United States Attorney Alexander Flores has reviewed and approved this affidavit for legal sufficiency in support of an application for a search warrant.

Respectfully submitted,

Curtis Imming
Special Agent
Federal Bureau of Investigation

Subscribed and sworn telephonically and signed electronically on March 2nd, 2023

B. PAUL BRIONES
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Person to Be Searched

The person of RUMALDO PESHLAKAI, Year of Birth 1981, wherever found.



## **ATTACHMENT B**

1. DNA evidence collected via buccal swab from the mouth, according to standard FBI procedures, of RUMALDO PESHLAKAI.